IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ERIC DAVIS #309-838
    Plaintiff                :

v.                                     : CIVIL ACTION NO. RDB-09-3047

KATHLEEN S. GREEN, et al.,       :
    Defendants

## MEMORANDUM OPINION

Eric Davis, a Maryland state prisoner presently incarcerated at the Metropolitan Transition Center (MTC),[1] seeks declaratory relief and money damages,[2] contending that his due process rights are violated because prison officials at his former place of confinement, Eastern Correctional Institution (ECI), have wrongfully identified him of being an active member of a gang. He invokes the civil rights act, 42 U.S.C. § 1983, claiming he cannot receive special project or other diminution credits and cannot earn a wage for performing a prison job. Davis further complains neither the Division of Correction (DOC) Intelligence Department nor Commissioner of Corrections J. Michael Stouffer will address his concerns.

Defendants Commissioner Stouffer and ECI Warden Kathleen Green, through counsel, filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment.[3] Paper No 12.

---

[1] Davis apparently was moved to MTC some time prior to May 11, 2010. Paper No. 14.

[2] Davis also seeks appointment of counsel. Paper No. 8. Under § 1915(e)(1) a court of the United States has the discretion to request an attorney to represent any person unable to afford counsel. The appointment of counsel in such situations may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). The question of whether such circumstances exist in any particular case rests on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). The existence of exceptional circumstances "[w]ill turn on the quality of two basic factors--the type and complexity of the case, and the abilities of the individuals." *Id*. Davis has good writing ability and the wherewithal to present the factual and legal allegations in his Complaint, the issues arising in this action do not involve complicated issues for review. Davis has failed to show a particular need or exceptional circumstances which would require the assistance of a trained practitioner. Therefore, the request for appointment of counsel is denied.

[3] Although the Institutional Coordinator accepted service of process on Defendant John Fountain, the Attorney

1

Although provided notice and an opportunity to respond, Davis has not opposed the dispositive motion.[4] A hearing is not needed to resolve the constitutional issues presented in the matter. *See* Local Rule 105.6. (D. Md. 2009). For reasons which follow, Defendants' Motion, treated as a motion for summary judgment, shall be granted.

*Standard of Review*

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to prove the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombley*, 550 U.S. 544, 554, 127 S.Ct. 1955, 1964-65 (2007). "[S]omething beyond the mere possibility of loss causation must be alleged, lest a plaintiff with a 'largely groundless claim' be allowed to 'take up the time of a number of other people...'" *Id*. at 557-558 (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005). "[T]hreadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S.Ct. 1937, 1949 (2009). In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court must "accept the well-pled allegations of the complaint as true" and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). However, "because the court is testing the legal sufficiency of the claims, the court is not bound by plaintiff's legal conclusions." *Takacs v. Fiore*, 473 F.Supp.2d 647, 651 (D. Md. 2007).

---

General did not include Fountain in its dispositive filing. For reasons to follow, Fountain also is entitled to summary judgment in this case.

[4] Davis was provided notice of the filing pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) and informed of his right to present opposition materials. Paper No. 13. To date, no response has been filed.

It is well established that a motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists, however, if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex*, 477 U.S. at 322-323. Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

*Analysis*

Davis states he attempted to resolve his concern about gang identification using the mandated Administrative Remedy Procedure (ARP) process, and when unsuccessful wrote directly to the Commissioner to resolve the issue. Paper No. 1 at 2-3. Defendants agree that Davis initiated ARP review, but contend that he failed to complete the ARP process. Paper No. 12-3, Declaration of Scott S. Oakley. It appears Davis attempted exhaustion; thus, for the purpose of dispositive review, the Court will permit the case to proceed for review on the merits.

Davis claims that the restriction of privileges that ensued from his wrongful identification as a gang member violates due process. Even if this were true, the facts in no way support Davis's belief that corrections officials ever targeted him as a gang member. With one exception, Davis has been a general population prisoner during incarceration in the DOC. On July 3, 2008, he was charged with institutional infractions[5] based on a verbal confrontation with

---

[5] Specifically, Davis was charged with violating Rule 312 (interferencing with performance of duties), Rule 400

a correctional officer while heading to the cafeteria. Paper No. 12-2 at 11. He was placed in administrative segregation and several days later received an informal adjustment sanction of ten days cell restriction. After serving his cell restriction sentence, he was permanently removed from A-tier[6] but placed back in general population. Paper No. 12-2. That Davis may have lost a prison job and other privileges due to an informal adjustment conviction predicated on his own misbehavior does not state a constitutional claim.

For the aforementioned reasons, Defendants' Motion to Dismiss or for Summary Judgment will be granted. Judgment is entered in favor of Defendants and against Davis. A separate Order follows.

Date:    5/19/10                                         /s/                        
                                           RICHARD D. BENNETT
                                           UNITED STATES DISTRICT JUDGE

---

(disobeying a direct order), and Rule 405 (showing disrespect or vulgarity or using profanity).

[6] Although unclear, it appears that A-tier may have been an honor tier within ECI.